UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL SCANLAND, <br><br> Plaintiff, <br><br> v. <br><br> KORY BREATON, BALES, HENSLEY, NEWMAN, FISHER, and DAY, <br><br> Defendants. | No. 3:23 CV 789 |

## OPINION and ORDER

Michael Scanland, a prisoner without a lawyer, is proceeding in this case "against Kory Breaton, Bales, Hensley, Newman, Fisher, and Day in their individual capacities for compensatory and punitive damages for failing to protect him from an attack by his cellmate at Miami Correctional Facility on or around August 5, 2021, in violation of the Eighth Amendment[.]" (DE # 15 at 4-5.) On July 3, 2024, the defendants filed a motion for summary judgment, arguing Scanland did not exhaust his administrative remedies before filing this lawsuit. (DE # 24.) With the motion, the defendants provided Scanland the notice required by N.D. Ind. L.R. 56-1(f). (DE # 27.) Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. The court twice extended Scanland's deadline to respond until November 18, 2024. (DE # 39; DE # 41.) This deadline passed over two months ago, but Scanland still has not responded to the defendants' summary judgment motion. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

2

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF") and Scanland's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF. (DE # 24-1 at 2.) The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (*Id.* at 2-3; DE # 24-2 at 3.) To initiate a Level I appeal, an inmate must complete a State Form 45473 ("Grievance Appeal form") and submit the completed form to the grievance office. (DE # 24-2 at 12.) Scanland's grievance records show he submitted a relevant grievance, but did not fully exhaust that grievance by initiating Level I and Level II appeals. (DE # 24-1 at 5-6.)

Specifically, on August 10, 2021, Scanland submitted Grievance 131179, complaining the defendants failed to protect him from an attack by his cellmate. (DE # 24-1 at 5; DE # 24-3.) On September 2, 2021, the grievance office denied Grievance

---

[1] Because Scanland has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Scanland's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

131179 on its merits. (DE # 24-1 at 6; DE # 24-4 at 2.) On September 3, 2021, Scanland signed and returned the Grievance Response Report, indicating he disagreed with the grievance office's response to Grievance 131179 and requesting a Grievance Appeal form. (DE # 24-1 at 6; DE # 24-4 at 3.) On September 10, 2021, the grievance office sent Scanland a blank Grievance Appeal form that he could complete and submit to the grievance office to initiate a Level I appeal. (DE # 24-1 at 6; DE # 24-4 at 4.) However, the grievance office's records indicate Scanland never completed and submitted the Grievance Appeal form to the grievance office. (DE # 24-1 at 6.) Because Scanland did not initiate Level I and Level II appeals for Grievance 131179, he did not fully exhaust the grievance. (*Id.*) Thus, because Scanland did not fully exhaust Grievance 131179 or any other relevant grievance, he did not exhaust the administrative remedies available to him under the Offender Grievance Process. (*Id.*)

Here, the defendants have met their burden to show Scanland did not exhaust his available administrative remedies before filing this lawsuit. Specifically, the defendants provide undisputed evidence Scanland submitted a relevant grievance which was accepted and denied by the grievance office, but did not fully exhaust that grievance by submitting Level I and Level II appeals. Scanland does not dispute this evidence, or argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show Scanland did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (DE # 24);

(2) **DISMISSES** this case **WITHOUT PREJUDICE**; and

(3) **DIRECTS** the Clerk to enter judgment in favor of the defendants and against Michael Scanland, and to close this case.

Date: January 28, 2025

                                            **SO ORDERED.**

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT